NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-682

FRANK C. CHIODO, JR.[1]

vs.

TOWN OF BOLTON & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Frank C. Chiodo, Jr., filed suit against the town of

Bolton (town) and former town official Joseph Lynch, alleging

defamation, violations of the Massachusetts Civil Rights Act,

G. L. c. 12, §§ 11H, 11I (MCRA), and intentional interference

with advantageous relations, among other claims. The claims

stemmed from a series of events that occurred while Lynch was

the director of the department of public works for the town. A

Superior Court judge allowed the defendants' motion for summary

judgment, and Chiodo appeals, principally arguing that there are

_____

[1] Doing business as F.C. Chiodo, Jr. Excavating Company.

[2] Joseph Lynch, individually and in his capacity as the director of public works of the town of Bolton.

disputed issues of fact precluding summary judgment on his defamation claim against Lynch.  In addition, Chiodo challenges the grant of summary judgment on his claims under the MCRA and for intentional interference with advantageous relations and argues that the judge erred by denying his motion to compel the production of certain documents.  We affirm.

Background.  We summarize the material facts in the light most favorable to Chiodo, the nonmoving party.  See Cesso v. Todd, 92 Mass. App. Ct. 131, 132 (2017).  Lynch served as the town's director of the department of public works at all relevant times.  As part of his role, Lynch assisted with reviewing bids and proposals for a project to install underground propane tanks at a local school.  At a meeting in the fall of 2017, Chiodo critiqued Lynch's suggestion to use a less costly method as "patently unsafe and improper."  The town awarded the contract to Chiodo, and he successfully completed the project.

Chiodo contracted again with the town during the winter of 2017 to 2018, this time to provide snowplowing services.  During a snowstorm in March 2018, Lynch confronted two of Chiodo's employees, accused them of poor work practices, and yelled at them using inappropriate language.  After the confrontation Chiodo terminated his plowing contract with the town.

About a year later in early 2019, Lynch contacted Bill Brookings, a member of the town's board of health (board), to complain of tree clearing, excavation activity, and suspected improper burying of tree stumps on Chiodo's property, which was located directly across from Lynch's office. Lynch suggested that the board may want to look into the matter. Lynch also informed the town administrator, Donald Lowe, about the issue. At his deposition Lowe testified that his conversation with Lynch went as follows:

> "Mr. Lynch told me that he observed while Mr. Chiodo was clearing property that he owned across the street from the D.P.W. of trees, that in his opinion, he didn't see a lot of material being shipped off the -- or trucked off the property, and he speculated that Mr. Chiodo may be burying stumps on the property."

The board contacted Chiodo to inform him of the complaint and requested that he attend a board meeting, which he did. Ultimately, the board did not order Chiodo to do anything related to the complaint. Acting on his own accord, however, Chiodo had test holes excavated on his property to prove that he had not buried any tree stumps.

Based on these events, Chiodo filed suit raising numerous claims against both Lynch and the town. Only the following are at issue on appeal. First, Chiodo claimed that Lynch defamed him by complaining to Brookings and Lowe about the potential burying of tree stumps on his property. Second, Chiodo claimed

3

that Lynch interfered or attempted to interfere with his free speech and petitioning rights through threats, intimidation, or coercion in violation of the MCRA.  Third, Chiodo claimed that Lynch intentionally interfered with his advantageous relations ("snow plowing" and "new business") with the town.  As noted, Chiodo appeals from the grant of summary judgment for the defendants on these claims.[3]

Discussion.  1.  Summary judgment.  We review a grant of summary judgment de novo to determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law."  See Matter of the Estate of Urban, 102 Mass. App. Ct. 284, 289-290 (2023), quoting Molina v. State Garden, Inc., 88 Mass. App. Ct. 173, 177 (2015).  Where, as here, the nonmoving party will have the burden of proof at trial, summary judgment is appropriate if the nonmoving party "has no reasonable expectation of proving an essential element of that party's case" (citation omitted).  Bourque v. Cape Southport Assocs., LLC, 60 Mass. App. Ct. 271, 277 (2004).

a.  Defamation.  To prove defamation, a plaintiff must establish, among other elements, that "the defendant published a

---

[3] Chiodo raises either no argument or inadequate argument about the grant of summary judgment on his remaining claims, which we therefore need not address.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).

defamatory statement of and concerning the plaintiff" and that "the statement was a false statement of fact (as opposed to opinion)." Lawless v. Estrella, 99 Mass. App. Ct. 16, 18-19 (2020). The "plaintiff must specifically identify the allegedly false statement" in the complaint. Kelleher v. Lowell Gen. Hosp., 98 Mass. App. Ct. 49, 53 n.2 (2020). To be actionable, the identified statement "must reasonably be understood either as a statement of actual fact, or one that implies defamatory facts." Id. at 53. Statements that merely "express a 'subjective view,' are not statements of actual fact." Id.

Here, while the complaint refers generally to Lynch's "accusations" and "allegations" that Chiodo was burying tree stumps on his property, it does not identify any specific words spoken by Lynch, let alone identify a statement that could reasonably be understood as a statement of actual fact. Even on appeal, Chiodo fails to identify the allegedly false statement with any specificity. See Kelleher, 98 Mass. App. Ct. at 53 n.2 ("The plaintiff's allegation that the defendant made statements that 'cast the plaintiff in a negative light,' but that does not identify a specific statement, is not sufficient"). To the extent Chiodo relies on Lowe's deposition testimony, that testimony does not show that Lynch made a false statement of fact. As Lowe testified, Lynch "speculated" that Chiodo "may" be burying tree stumps and conveyed that this was his "opinion"

5

based on his not "see[ing] a lot of material being . . . trucked off the property."  This constituted a nonactionable statement of opinion, as Lynch's "use of cautionary terms" relayed that he was "indulging in speculation" based on what he saw occurring on Chiodo's property.  Scholz v. Delp, 473 Mass. 242, 251 (2015), quoting King v. Globe Newspaper Co., 400 Mass. 705, 713 (1987).  See Lyons v. Globe Newspaper Co., 415 Mass. 258, 266 (1993) (statement not actionable because it "indicated to the reasonable reader that the proponent of the expressed opinion engaged in speculation and deduction based on the disclosed facts").

Chiodo points to no other evidence that Lynch made a statement that reasonably could be understood as a factual assertion that Chiodo was burying tree stumps on his property.  Although Chiodo claims that Lynch also made defamatory statements to Brookings, Chiodo did not depose Brookings or submit any evidence about what Lynch said to him or to any other member of the board.  Thus, the summary judgment record does not show that Lynch made a false statement of fact, as opposed to opinion.  For at least this reason, summary judgment was properly granted for Lynch on the defamation claim.

b.  MCRA.  A successful MCRA claim requires proof "that the defendant[] used 'threats, intimidation or coercion' to interfere with, or attempt to interfere with, rights secured by

the Constitution or laws of the United States or the Commonwealth of Massachusetts."  Mancuso v. Massachusetts Interscholastic Athletic Ass'n, 453 Mass. 116, 131 (2009), quoting Brum v. Dartmouth, 428 Mass. 684, 707-708 (1999). Although it is unclear from the complaint what Chiodo alleges to be the "threats, intimidation or coercion" engaged in by Lynch, on appeal he points to "the snow plowing incident and the false and defamatory tree stump burial allegations."  According to Chiodo, these incidents interfered with or constituted an attempt to interfere with his rights to free speech and to petition the government.

Chiodo's claims under the MCRA were properly dismissed because he did not offer evidence, or even allege, that Lynch took some act that, "objectively viewed, would cause a person not to exercise a constitutional right or deprive that person of that right."  Doe v. Senechal, 66 Mass. App. Ct. 68, 79 (2006). Chiodo makes no allegation that the snowplowing incident or the complaint about the tree stumps constrained him from speaking or from petitioning the government.  Instead, the basis of his claims is that Lynch's conduct was retaliation for Chiodo's prior speech, namely, his criticism of Lynch at the 2017 meeting.  But Chiodo cites no authority supporting the proposition that retaliation is cognizable under the MCRA, nor does he explain how his theory can be reconciled with the

7

statutory language, which requires a showing that the defendant "interfere[d]" or "attempt[ed] to interfere" with a secured right.  G. L. c. 12, §§ 11H, 11I.  See Doe, supra (summary judgment properly granted on MCRA claim where no evidence that defendant's conduct "constrain[ed] [plaintiff] against her will to do something she would not otherwise have done").[4]  His MCRA claims thus fail as a matter of law.

    c.   <u>Intentional interference with advantageous relations</u>. An essential element of the tort of intentional interference with advantageous relations is that the defendant "knowingly induced a breaking" of the plaintiff's "advantageous

---

[4] The only case Chiodo cites (for the first time in his reply brief) is a Federal case, <u>Najas Realty, LLC</u> v. <u>Seekonk Water Dist</u>., 821 F.3d 134 (1st Cir. 2016), which expressly recognizes that "the MCRA is narrower than [42 U.S.C.] § 1983 in that it limits its remedy to conduct that interferes with a secured right 'by threats, intimidation or coercion.'"  <u>Id</u>. at 141 n.8, quoting <u>Nolan</u> v. <u>CN8</u>, 656 F.3d 71, 76 (1st Cir. 2011). See <u>Sena</u> v. <u>Commonwealth</u>, 417 Mass. 250, 262 (1994) ("whereas § 1983 provides relief for direct violations of one's rights, relief under [the MCRA] is available only where one's rights are interfered with or attempted to be interfered with by threats, intimidation, or coercion").  We note also that, even assuming retaliation is cognizable under the MCRA, Chiodo offered no evidence to suggest a causal connection between his comments at the 2017 meeting and Lynch's later actions.  Cf. <u>Mole</u> v. <u>University of Mass</u>., 442 Mass. 582, 592-593 (2004) (defendant entitled to directed verdict on retaliation claim under G. L. c. 151B, where plaintiff did not present sufficient evidence of causal link between protected conduct and adverse action); <u>Najas</u>, <u>supra</u> at 141-143 (defendant entitled to judgment on the pleadings on retaliation claim under § 1983 where complaint did not plausibly establish causal link between protected conduct and alleged retaliatory response).

8

relationship with a third party."  See Blackstone v. Cashman,
448 Mass. 255, 260 (2007).  Chiodo has no reasonable expectation
of proving this element of his claim.  Although he suggests that
Lynch interfered with his plowing contract with the town, it is
undisputed that Chiodo voluntarily terminated that contract in
2018.  Moreover, Chiodo testified in his deposition that,
despite terminating the contract, he continued to plow for the
local schools.  As Chiodo points to no other relationship that
Lynch allegedly interfered with, summary judgment was
appropriate.

2.  Motion to compel.  Chiodo also appeals from the judge's
denial of his motion to compel unredacted minutes from an August
12, 2020 meeting of the town's board of selectmen.[5]  The
defendants provided Chiodo with redacted minutes from the
meeting -- at which the board of selectmen discussed Lynch's
separation of employment from the town -- but Chiodo later moved
to compel the unredacted minutes.  After a hearing and an in
camera review of the unredacted minutes, the judge denied
Chiodo's motion on the grounds that the records were protected

_____

[5] We are unpersuaded by the defendants' assertion that
Chiodo did not preserve this issue because he failed to
designate it in his notice of appeal.  "The notice of appeal
need not designate prejudgment orders that are appealable as
part of the judgment . . . designated in the notice of appeal."
Mass. R. A. P. 3 (c) (1) (B), as appearing in 491 Mass. 1601
(2023).

9

by attorney-client privilege and irrelevant.  Chiodo fails to explain on appeal why this was an abuse of discretion.  See Cardone v. Boston Reg'l Med. Ctr., Inc., 60 Mass. App. Ct. 179, 191 (2003) ("The conduct and scope of discovery is within the sound discretion of the judge").  The issue is therefore waived.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).[6]

Judgment affirmed.

By the Court (Massing, Shin & D'Angelo, JJ.[7]),

Clerk

Entered: August 19, 2024.

---

[6] We deny the defendants' request for attorney's fees as they have not provided a basis for the request.  See Mass. R. A. P. 16 (a) (10), as appearing in 481 Mass. 1628 (2019). The defendants are entitled to the costs of the appeal in the ordinary course.  See Mass. R. A. P. 26 (a), as appearing in 481 Mass. 1655 (2019).

[7] The panelists are listed in order of seniority.